IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                    CRIMINAL NO. 1:02cr83-DCB

JOSEPH RAPHEO                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant's Motion for Reconsideration of Order Denying Motion to Compel Enforcement of Memorandum of Understanding [**docket entry no. 57**]. Having reviewed the Motion, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

## DISCUSSION

On November 12, 2002, the defendant entered a guilty plea to a charge of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846. This plea was entered pursuant to a negotiated agreement between Raffeo and the government. Within that agreement, the defendant agreed to fully cooperate with the government and, in return, the government agreed to move the Court for a sentence reduction if that cooperation was deemed to have provided substantial assistance. Pursuant to the terms of the agreement, "the determination as to whether he has provided 'substantial assistance' rests solely with the government. Any good faith efforts on the part of the defendant that do not substantially assist in the investigation or prosecution of another

person who has committed a crime will not result in either a motion for downward departure, or a Rule 35 motion . . . ." Memorandum of Understanding, ¶9.

The defendant contends that the government violated the Memorandum of Understanding by refusing to file a Rule 35 motion for a downward departure on his behalf despite his cooperation in an investigation leading to the arrest of certain individuals in two separate cases. In the previous order, the Court found that Raffeo's Motion to Compel Enforcement should be denied with regard to both cases. Raffeo moves the Court to reconsider the denial of his Motion to Compel Enforcement of the MOU. The defendant complains that he did not receive a copy of the government's response to his motion and that he was, therefore, unable to rebut its contention that his assistance was not substantial. Raffeo has now offered his rebuttal, and the Court will consider the propriety of its earlier order of denial in light of his supplemented argument.

## A.  *Arrest of Four Individuals at 22016 McGhee Drive*

The defendant claims that he supplied "substantial assistance" to the government by passing information along to DEA Agent Don Penny through Raffeo's mother, Annie Mae Angler, concerning four individuals at 22016 McGhee Drive. Agent Penny passed the information given by Angler to Roy Sandifer, a Mississippi Bureau of Narcotics Agent. The government claims that when Sandifer

-2-

spoke with Ms. Dangler she stated that she was providing the information on the four individuals because she was concerned that another one of her sons might get involved with them.  According to the government, Ms. Dangler did not state that she was giving the information for Raffeo's benefit.   In his Motion for Reconsideration, Raffeo submits his own and his mother's affidavits.  Within those affidavits, the attestants state that the information given by Ms. Dangler was provided for the sole purpose of seeking to satisfy the government's solicitation of Raffeo for substantial assistance under the MOU.

Independent of the information supplied by Ms. Dangler, however, the government states that Coastal Narcotics Enforcement Team Agent ("CNET") Abe Long received a tip from the owner of 22016 McGhee Drive that there was illegal activity taking place at that residence.  Based on this information, CNET arrested the four individuals.

It is the government's position that, because Ms. Dangler did not submit the information to Agent Penny in connection with any agreement to benefit Raffeo _and_ because the individuals in question were arrested by a state agency with its own independent source of information, Raffeo did not render substantial assistance in that case.  The defendant's affidavits and argument submitted in his Motion for Reconsideration do nothing to disturb the government's assertion that the four individuals would have been arrested under

–3–

independent grounds by state officials.  As was stated in the
Court's previous order, it is within the government's discretion to
decide whether assistance given is considered "substantial" under
the MOU.  The government has declared that the help given by Raffeo
on this matter does not warrant a motion for reduction of his
sentence.  The Court finds this decision to not be arbitrary and
declines to grant Raffeo's Motion for Reconsideration.

*B.  Interview Concerning Knowledge of Ronald Sisk*

Raffeo also claims to have supplied the FBI with information
concerning illegal activities of Ronald Sisk which aided the
government in obtaining a conviction against that individual.  The
government admits that the defendant did supply some information to
FBI Agent Matt Campbell.  However, according to Assistant United
States Attorney Gaines Cleveland, none of the information relayed
by Raffeo was used in any manner in the prosecution of Sisk.  The
government admits that the defendant may have been cooperating in
good faith with the prosecution; however, it contends that Raffeo's
efforts were ultimately not beneficial to Sisk's conviction.
Therefore, the government does not believe that this cooperation
rendered "substantial assistance" warranting a Rule 35 request on
Raffeo's behalf.

Again, Raffeo submits no new argument or evidence that would
alter the Court's ruling that the government was within its
discretion in not moving for a sentence reduction on his behalf.

Therefore, the defendant's Motion for Reconsideration will be denied.

## CONCLUSION

For the foregoing reasons, the Court holds that the defendant's Motion for Reconsideration of Order Denying Motion to Compel Enforcement of Memorandum of Understanding is not well-taken and should be denied. Accordingly,

IT IS HEREBY ORDERED that the defendant's Motion for Reconsideration of Motion to Compel Enforcement of Memorandum of Understanding [**docket entry no. 57**] is **DENIED**.

SO ORDERED, this the 14th day of March, 2006.


S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE