UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 1:02CR83-DCB-RHW

JOSEPH RAFFEO                                                                              DEFENDANT

**ORDER**

Before the Court are several motions relating to a [45] Motion for Return of Property filed by Joseph Raffeo.  Raffeo alleges that the Government has retained, lost, or destroyed property that should have been returned to Raffeo at the conclusion of his criminal prosecution.  On May 9, 2006, this Court entered an [65] Order requiring Raffeo to submit an itemization, including estimated values and supporting documentation, of property that he believes should be returned to him by the Government.  Raffeo was given 30 days to file his itemization of property.

Just after the 30 days for filing an itemization elapsed, Raffeo filed a flurry of motions in conjunction with this matter.  He filed a [66] Motion for Subpoena Duces Tecum; [67] Motion for Extension of Time to Appeal; [68] Motion to Compel the Government to Produce Documents; [70] Motion to Compel Government to Produce Documents; and [71] Motion for Extension of Time to File an Itemization of Property.  Raffeo also filed a [69] Notice of Appeal from the Court's [60] Order denying Raffeo's [57] Motion for Reconsideration.

Generally, a notice of appeal divests the district court of jurisdiction over the case. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  However, the district court retains jurisdiction over matters not involved in the appeal.  *See United Teacher Associates Ins.*

*Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 572 (5th Cir. 2005).  Raffeo's Notice of Appeal is from the Court's Order denying a motion for reconsideration that relates to Raffeo's criminal sentence and whether he should have received a downward departure for rendering substantial assistance.  Accordingly, Raffeo's [68] Motion to Compel the Government to Produce Documents relating to his assistance in the underlying criminal matter is now moot because the Court has lost jurisdiction over this aspect of Raffeo's case.  The Court already has denied the [67] Motion for Extension of Time to Appeal.

There are several other motions now pending before the Court that relate only to Raffeo's Rule 41 proceeding and the return of property, which is not the subject of Raffeo's Notice of Appeal.

IT IS THEREFORE ORDERED AND ADJUDGED that:

(1) Raffeo's [68] Motion to Compel is denied as MOOT based on Raffeo's filing a Notice of  Appeal and divesting the Court of jurisdiction.

(2) Raffeo's  [66] Motion for Subpoena Duces Tecum is GRANTED to the extent that the Clerk of the Court is directed to prepare subpoenas duces tecum based on the information provided by Raffeo in the attachments to his [66] Motion.  The Clerk shall then mail the prepared subpoenas to Raffeo, and it is Raffeo's responsibility to serve the subpoenas.

(4) Raffeo's [70] Motion to Compel Production of Documents is DENIED because there is no indication in the record that Raffeo has served requests for production of documents on the Government, nor did he attach a notice of service to the motion to compel.

(5) Raffeo's [71] Motion for Extension of Time to File an Itemization of Property is GRANTED, and Raffeo shall have 45 days from the date of this Order to provide the Court with

an itemization of property as ordered by the Court on May 9, 2006.

     SO ORDERED, this the 29th day of June, 2006.

                                          s/ *Robert H. Walker*
                                          UNITED STATES MAGISTRATE JUDGE