## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                              CRIMINAL NO. 1:02cr83-DCB

JOSEPH RAFFEO                                                     DEFENDANT

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant's Motion for Leave to Appeal In Forma Pauperis [**docket entry no. 72**], Motion to Set Aside Judgment (Coram Nobis) [**docket entry no. 87**], and Objection to Magistrate Judge Walker's Order [**docket entry no. 93**]. Having reviewed the Motions, Order, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds as follows:

### FACTS

On November 12, 2002, Joseph Raffeo entered a guilty plea to a charge of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846. This plea was entered pursuant to a negotiated agreement between Raffeo and the government. In the agreement's memorandum of understanding, the defendant agreed to fully cooperate with the government and, in return, the government agreed to move the Court for a sentence reduction if that cooperation was deemed to have provided substantial assistance. The terms of the agreement provide, "the determination as to whether [Raffeo] has

-1-

provided 'substantial assistance' rests solely with the government. Any good faith efforts on the part of the defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure, or a Rule 35 motion . . . ." (Memorandum of Understanding, ¶9.)

The defendant claims that his cooperation led to the arrest of several individuals. After this cooperation, Raffeo contends that the government violated the memorandum of understanding by refusing to file a Rule 35 motion for a downward departure on his behalf. In a previous order [docket entry no. 55], the Court found that Raffeo's Motion to Compel Enforcement should be denied. On Raffeo's Motion for Reconsideration of that order [docket entry no. 57], the Court again denied the defendant's requested relief [docket entry no. 60]. Raffeo now petitions the Court for the issuance of a Writ of Coram Nobis "[t]o vacate and set aside its prior order herein and to order the government to comply with the agreement to file a Rule 35 motion o[n] the defendant['s] behalf."

## DISCUSSION

### I. Raffeo's 18 U.S.C. § 1651 Motion to Set Aside Judgment

The writ of coram nobis is an extraordinary remedy which is available to a petitioner seeking to vacate his conviction after he is no longer in custody. U.S. v. Castro, 26 F.3d 557, 559 (5th

Cir. 1994).  Although Federal Rule of Civil Procedure 60 expressly abolished the writ of coram nobis, the Supreme Court has nevertheless authorized its use through the Court's interpretation of the All Writs Act, 28 U.S.C. § 1651.  <u>United States v. Morgan</u>, 346 U.S. 502 (1954).  Coram nobis should be used only to correct egregious mistakes of fact or constitutional errors.  <u>Carlisle v. United States</u>, 517 U.S. 416, 429 (1996).  Additionally, the writ should only be granted where no other relief is available to the petitioner and where sound reasons exist for the petitioner's failure to seek the appropriate relief earlier.  <u>Morgan</u>, 346 U.S. at 507.

Initially, the Court notes that a writ of coram nobis is not available to the defendant in this case.  As previously mentioned, coram nobis is only available to a petitioner seeking to have his conviction overturned **after** he has been released from custody. Since Raffeo is still in custody, the writ is not of service to him.  Moreover, even if the Court treats Raffeo's motion as one to set aside the judgment rather than a request for the issuance of a writ of coram nobis, his claim still fails.  The defendant has sought the enforcement of the memorandum of understanding on two previous occasions [<u>see</u> docket entries nos. 55 & 60], and on both occasions, the Court denied his requested relief.  Raffeo has offered no reason why either of these two judgments should be vacated; instead, he simply requests the Court vacate its previous

order (without ever identifying which order) and reenter it so that he may file a timely appeal.[1]  The law of this Circuit provides no basis for granting such a request.

**II.  Raffeo's Objection to Judge Walker's Order**

On September 14, 2006, Magistrate Judge Walker issued an order [docket entry no. 88] denying Raffeo's Motion to Produce [docket entry no. 76] and Motion to Correct Proof of Service [docket entry no. 75].  Judge Walker's order also granted Harrison County Sheriff George H. Payne, Jr.'s Motion to Quash Defendant's Request for Production [docket entry no. 77].  Judge Walker, having ruled on the defendant's Motion to Correct Proof of Service, found as moot Raffeo's Motion to Show Status of Motion to Correct Service of Process [docket entry no. 80].  Raffeo objects to each of Judge Walker's decisions [docket entry no. 93].

    A.   <u>Harrison County Sheriff George H. Payne, Jr.'s Motion to Quash</u>

After his criminal conviction, Raffeo moved the Court for the return of personal property seized during the criminal investigation by the United States Drug Enforcement Agency ("DEA").

---

[1] Raffeo's notice of appeal was dismissed by the Fifth Circuit as untimely on August 14, 2006 [docket entry no. 84].  The Court has addressed the abnormalities concerning Raffeo's delay in filing his notice of appeal [docket entry no. 73].  In that opinion, the Court explained that even though Raffeo was not at fault in causing his notice of appeal's delay, the Court was without power to expand his time for filing.  Although he had a right to appeal the Court's decision [docket entry no. 73], Raffeo forewent that option.  As such, the doctrine of coram nobis cannot be used as a backdoor attempt to extend his time for filing a notice of appeal.

(Mot. Return of Property, February 16, 2005.)  In his motion [docket entry no. 47], Raffeo did not specifically list the property that he was seeking; rather, he identified the property as "Personal Documents, Files, Personal Papers, Personal phone records, Personal banking statements, [and] Tax returns." Id.  On May 9, 2006, the Court ordered Raffeo to provide an itemization of the property that he was requesting.  In an effort to comply with the Court's order, Raffeo moved the Court for a Subpoena Duces Tecum to compel the Harrison County Sheriff's Department to produce its records of bonds that he had written while doing business as A-Rapid Bail Bonds.  Presumably (since the defendant has failed to explain why he needs these records), Raffeo desires these documents so that he may request, with particularity, each and every bond document seized by the DEA during its investigation.

    Although Judge Walker initially granted the subpoena duces tecum, he later quashed it on Harrison County Sheriff George H. Payne, Jr.'s Motion to Quash.  Judge Walker's reasons for quashing the subpoena were: (1) the request was unduly burdensome and would cause substantial expense, (2) these bond records (or copies thereof) should have been in Raffeo's possession, and (3) "Raffeo could have made efforts to record and/or itemize the bonds at a much earlier date.  The subpoena is simply an effort by Raffeo to shift the burden of discovery to a non-party."  (September 14, 2006, Order, 2.)   The Court finds Judge Walker's reasons

persuasive.  Moreover, the government claims that it has returned all of the property that it had in its possession except for certain "company records," which were destroyed by the DEA. Therefore, it appears as though the defendant's subpoena would have the Harrison County Sheriff's Department go to an exorbitant amount of trouble and expense to produce records that could not possibly lead to the return of Raffeo's property.

    B.   Raffeo's Motion to Produce

Judge Walker, *sua sponte*, denied Raffeo's Motion to Produce "because [Raffeo] failed to comply with the technical requirements of serving the motion on the government."[2]  In the certificate of service attached to the Motion to Produce, Raffeo certified under penalty of perjury that he served the United States District Court and carbon copied Assistant United States Attorney John A. Meynardie.  Raffeo is proceeding pro se in this matter.  Throughout this litigation, he has noted service of his motions by using the required certificate of service.  Many of these certificates of service have been incomplete or otherwise failed to comply with the local rules.  The government, however, has yet to object to any of these deficiencies.

Uniform Local Rule 5.2(C) provides that all served documents

---

[2] Before filing the present Motion to Produce, Raffeo had previously filed a virtually identical motion [docket entry no. 70].  That motion's certificate of service only showed service upon the district court.  Judge Walker dismissed the first Motion to Produce for failure to serve the government [docket entry no. 74].

-6-

"shall be accompanied by a certificate of service setting forth the date and manner of service and the names and addresses of all persons upon whom service has been made." Inasmuch as Raffeo did not state the manner in which he was serving John A. Meynardie, Judge Walker's decision is correct, i.e., Raffeo did not comply with Local Rule 5.2's "manner of service" requirement. Moreover, the use of a "carbon copy" to certify service of a motion is atypical, to say the least. That being said, the Court does not hold pro se litigants to the same strict standard as lawyers. See Haines v. Kerner, 404 U.S. 519 (1972). As such, Raffeo's Motion to Produce should not have been dismissed for a minor technical error. Raffeo should be aware, however, that from this point on, he will be expected to comply with the Court's certificate of service requirements.[3]

**III. Raffeo's Motion for Leave to Appeal In Forma Pauperis**

Since Raffeo's Notice of Appeal was dismissed by the Fifth Circuit as untimely, his Motion for Leave to Appeal *In Forma Pauperis* is moot.

**CONCLUSION**

Since Raffeo is not eligible to apply for a writ of coram nobis, his 28 U.S.C. § 1651 motion must be denied. Raffeo's

---

[3] Raffeo should use the certificate of service attached to his Objection as a guide for his future certificates. Also, Raffeo should mail a copy of his motions and responses to Assistant United States Attorney Jerry L. Rushing. Mr. Rushing's address is: 118 East Capital Street, Suite 500, Jackson, MS 39201.

Objection to Magistrate Judge Walker's September 14, 2006 Order, with the exception of the portion pertaining to Raffeo's Motion to Produce, is denied.  Raffeo's Objection to Judge Walker's denial of his Motion to Produce is well taken.  Judge Walker should decide the Motion to Produce on the merits.  Accordingly,

IT IS HEREBY ORDERED that Raffeo's Motion to Set Aside [docket entry no. 87] is **DENIED.**

IT IS FURTHER ORDERED that Raffeo's Objection [**docket entry no. 93**] to Magistrate Judge Walker's September 14, 2006 Order is **DENIED IN-PART** and **GRANTED IN-PART.**

IT IS FURTHER ORDERED that Raffeo's Motion for Leave to Appeal In Forma Pauperis [**docket entry no. 72**] is **MOOT.**

SO ORDERED, this the 8th day of November, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE