UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 1:02CR83-DCB-RHW

JOSEPH RAFFEO                                                                         DEFENDANT

**ORDER**

Before the Court are Joseph Raffeo's [45 & 47] Motions for Return of Personal Property filed pursuant to Fed. R. Crim. P. 41(g).[1] Raffeo also has filed, at the Court's behest, an [85] Itemization of Property seized by the Government. Raffeo alleges that the property in question has been destroyed and he now seeks monetary damages. In response to the itemization, the Government argues that the property in question either has been returned to Raffeo or destroyed. Insofar as Raffeo seeks monetary damages, the Government further argues that Raffeo has not complied with the requirements of the Prison Litigation Reform Act (PLRA).

A Rule 41(g) motion filed in a criminal case that has already concluded is properly construed as a civil action for return of property, invoking the Court's general equity jurisdiction under 28 U.S.C. § 1331. *United States v. Clymore*, 217 F.3d 370, 373 & n.6 (5th Cir. 2000) (citing *Pena*, 122 F.3d 3 at 4 n.3 (5th Cir. 1997)). Moreover, Raffeo seeks monetary damages for property destroyed by the Government; therefore, he has asserted an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), rather than pursuant to Rule 41(g). *See Pena*, 157 F.3d at 987. The Fifth Circuit has held that Rule 41(g) "makes no provision for monetary damages." *Pena v. United States*, 157 F.3d 984, 986 (5th Cir. 1998). Accordingly, Raffeo's

---

[1] Raffeo refers to Rule 41(e) as the basis of his motions; however, the Rules of Criminal Procedure were amended in December 2002, and subsection (e) was re-lettered as subsection (g) at that time. *See* Fed. R. Crim. P. 41, Advisory Committee Notes to 2002 Amendments.

Rule 41(g) motions should be construed as a *Bivens* complaint and a new civil action opened to reflect the nature of his suit.  *See United States v. Bailey*, 2006 WL 1007372 (S.D. Tex. 2006).

Under controlling Fifth Circuit precedent, Raffeo's motion for return of property qualifies as a "civil action" and is therefore governed by the PLRA.  *See Pena*, 122 F.3d at 4.  As such, Plaintiff must pay the applicable filing fee or submit an application for leave to proceed *in forma pauperis*, and his complaint is subject to the screening requirements of 28 U.S.C. § 1915A.

Based on the foregoing, it is ordered that:

(1) The clerk of the court shall sever Raffeo's [45 & 47] Motions for Return of Property from criminal action no. 1:02cr83 and transfer the motion, along with a copy of this order, to a civil case file, assigning a civil cause number to the proceedings.  The [45 & 47] motions shall serve as the complaint in the newly created civil action.  In addition, the following documents from 1:02cr83 are deemed to be filed in the newly opened civil case and the clerk is directed to attach copies of the documents to this Order:  [50] Order that the United States Attorney File an Answer;  [53] Response to Motion for Return of Property;  [58] Memorandum in Support of Motion for Return of Property;  [61] Order Deferring Ruling on Motion for Return of Property; [63] Order Requesting Government to Report Status;  [64] Response to Order;  [65] Order for Itemization of Property;  [85] Itemization of Property;  [101] Motion to Adopt Partial Property List;  [102] Order Granting Motion to Adopt Partial Property List;  [103] Response in Opposition to Itemization; and [104] Rebuttal to Response in Opposition.

(2) Within thirty days of the entry of this Order, Raffeo shall either:  (a) pay the $150

filing fee[2] or (b) submit a completed application to proceed *in forma pauperis*, along with a certified copy of his inmate trust account records, which must reflect the account balance as of March 6, 2007, as well as the deposits and average balance for the six months preceding that date.  28 U.S.C. § 1915.  The clerk shall mail to Raffeo the appropriate forms.  Failure to timely comply with these provisions may result in the dismissal of his cause for lack of prosecution.

  (3) The parties are directed to file all future pleadings relating to Raffeo's Motion for Return of Property in the newly created civil action.

  SO ORDERED, this the 7th day of March, 2007.

                s/ *Robert H. Walker*
                UNITED STATES MAGISTRATE JUDGE

---

[2] Although the civil filing fees have since increased to $350, the fee was $150 on the date Raffeo filed his motion for return of property.  The filing fee for this action, initiated by his motion, therefore, is $150.